**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| DREMALE VANTERPOOL | : | Criminal No. 25-CR-138 (RJL) |
| | : | |
| and | : | |
| | : | |
| TORRANCE BROCK, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO RECONSIDER COURT'S SEVERANCE ORDER**

The Government respectfully files this motion for the Court to reconsider its order severing the cases of co-defendants Dremale Vanterpool and Torrance Brock due to Mr. Brock's involuntary return to Washington D.C. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (citing *Richardson v. Marsh,* 481 U.S. 200, 210 (1987), internal quotation marks omitted). "[T]his preference is 'especially strong' when 'the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve two defendants who are charged, *inter alia*, with participating in the same illegal acts.'" *United States v. Wilson*, 605 F.3d 985, 1016 (D.C. Cir. 2010) (quoting *United States v. Ford,* 870 F.2d 729, 731 (D.C. Cir. 1989)).

By way of procedural background, co-defendants Vanterpool and Brock had moved to sever their cases as improperly joined under Fed. R. Crim. P. 8(b) and under the Court's discretionary authority under Fed. R. Crim. P. 14(a); the motions were fully briefed. *See* ECF Nos.

1

35, 41, 46, 60, 75, 79.  On January 8, 2026, the Court issued a no-bond warrant for defendant Brock due to his failure to appear at a scheduled revocation hearing.  On January 26, 2026, Brock's counsel moved to stay the proceedings as to his client due to Brock's absence, which the Court granted on January 27, 2026.  ECF No. 80, Min Entry dated 1/27/26.  On January 29, 2026—shortly before expected oral argument on Vanterpool's severance motion—the Court granted Defendant Vanterpool and Brock's pending motions to sever under Fed. R. Crim. P. 14(a).  Min Order dated 1/29/26.  The Court's minute order cited the stay of proceedings against Brock, "who remains at large," and reasoned that "continued joinder of the defendants would prejudice them both. . . ."  Min. Order dated 1/29/26.  On April 6, 2026, Brock was arrested on the bench warrant in Tampa, Florida, and appeared there shortly thereafter.  Brock was then transported to D.C., where he appeared on April 21, 2026 and is pending a revocation hearing on May 5, 2026.  Vanterpool's case is also currently set for a status conference on May 5, 2026, at which the Government will seek to set a trial date and pretrial schedule—though may move due to defense counsel's unavailability.  No trial date has yet been set in either case.

Although motions to reconsider are not expressly contemplated in the Federal Criminal Rules of Procedure, the Supreme Court has recognized, in *dicta*, the utility of such motions. *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam) (citing *United States v. Healy,* 376 U.S. 75 (1964)).  Accordingly, other judges of this Court have applied the same standard in Fed. Civ. P. Rule 59(e) to assess a motion to reconsider in the criminal context. *See United States v. Cabrera*, 699 F. Supp. 2d 35, 40 (D.D.C. 2010) (collecting cases). A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)

(internal quotation marks omitted and citation omitted).

Here, the Court's order rested on the assumption that Brock was at large, implying that Brock's flight would delay a joint trial for the foreseeable future. There is now "new evidence" that the Court did not have available at the time of the decision—Brock has been brought back to Washington, D.C. While the Government is seeking to set trial in Vanterpool's case and will seek to do so for Mr. Brock, no trial date has yet been set for either defendant, meaning that joinder will *not* prejudice them by delaying Mr. Vanterpool's trial until some date uncertain. On the other side of the ledger, continued severance will create substantial, tangible inefficiencies for the Court and the Government. For instance, this case has and will continue to involve substantially overlapping pre-trial motions for which a bifurcated schedule may unnecessarily duplicate hearings (for instance, two potential suppression hearings and pretrial conferences). More importantly, for substantially the reasons described in the Government's opposition briefs, the Government will put on almost the same exact witnesses and evidence at each of Brock and Vanterpool's trials. *See* ECF No. 41 at 12 ( "pursuing U.S. Capitol Police officers, responding MPD officers, crime scene technicians, DNA experts. . . and ATF witnesses regarding the interstate nexus of the firearms and ammunition" and "substantially overlapping evidence, such as photos of the crime scene, MPD body-worn cameras, and physical evidence"). Given these obvious efficiencies and the lack of the lack of prejudice now posed to the co-defendants posed by joinder, the presumption of a joint trial is "especially strong" under Rule 14(a).

The Government respectfully requests that—based on the "new evidence" of Brock's availability—the Court reconsider its order granting discretionary severance under Fed. R. Crim. P. 14(a).  The Court should further deny Brock and Vanterpool's motions to sever for misjoinder under Fed. R. Crim. P. 8 for the reasons described in its previous oppositions (ECF No. 41, 75).

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Michael L. Barclay*
MICHAEL L. BARCLAY
Assistant United States Attorney
N.Y. Bar Reg. No. 5441423
601 D Street, N.W., 5.230
Washington, D.C. 20530
(202) 252-7669
michael.barclay@usdoj.gov