**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DREMALE VANTERPOOL** | **:** | **Criminal No. 25-CR-138-1 (RJL)** |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S REPLY TO**
**DEFENDANT'S OPPOSITION TO MOTION TO RECONSIDER**

Under its discretionary authority conferred by Fed. R. Crim. P. 14(a), this Court severed Defendant Torrance Brock's trial from that of his co-defendant Dremale Vanterpool after Brock absconded from his criminal case. Now Defendant Brock has been arrested and returned to the District of Columbia, this Court should reconsider its previous order and, when appropriate, set a joint trial.

The Court may reconsider an interlocutory order—such as the January 29, 2026 Minute Order severing Brock and Vanterpool's trials—"as justice requires," which means determining whether "reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005) (citation and quotation marks omitted). The Court considers whether it "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.,* 383 F.Supp.2d 99, 101 (D.D.C. 2005) (internal quotation marks and citation omitted). But even if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a

1

motion for reconsideration if there are other good reasons for doing so.  *Cobell*, 355 F. Supp. 2d at 540.

At the time the Court ruled, neither the Government nor the Court knew when Brock would be returned for trial.  However, especially where no trial dates have been set, Brock's return addresses the Court's concern a trial delay would prejudice Defendant Vanterpool.  "[The] additional information constitutes a 'change in the court's awareness of the circumstances,' which 'might reasonably be expected to alter the conclusion reached by the court.'" *Rosenberg v. Dept of Def.*, 442 F. Supp.3d 240, 253 (D.D.C. 2020) (quoting *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 124 (D.D.C. 2006), *Singh*, 383 F. Supp 2d 101, internal punctuation omitted).  There are substantial evidentiary and resource efficiencies gained through a joint trial, and continued severance will prejudice the Government, who will have to bring the same witnesses and evidence for separate trials.  *See* ECF No. 92 at 3; ECF No. 41 at 12–13. Moreover, any spillover prejudice to Vanterpool posed by a joint trial can be cured by limiting instructions. ECF No. 41 at 14.  In sum, had the Court known with certainty when Brock would be returned, it may well have made a different decision under Rule 14(a).  *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Reconsideration is warranted.

Through his silence on the issue, Vanterpool appears to concede that Brock's return to the District is new information not known at the time of Court's Order.  And, unsurprisingly, Vanterpool does *not* argue that the discretionary severance under Rule 14(a) is appropriate.  ECF No. 99.  Instead, Vanterpool recycles the argument that he and Brock are improperly joined under

Fed. Crim. R. P. 8(b).[1]  As explained at length in the Government's opposition to Brock's motion (ECF No. 75), Fed. R. Crim. P. 8(b) simply requires a core factual predicate – that the defendants have participated in the same *series of acts* constituting an offense or *offenses*; the Rule does not require that the defendants be charged with exactly the same *conduct* in the series of acts, the same *offense*, or the same *counts*.  By contrast, Vanterpool's reading requires adding a word to Rule 8(b), that they must "participate in the same act or transaction . . . constituting **the same** offense or offenses." Fed. R. Crim. P. 8(b) (bolded words added).  But the Rule as written requires only that there "must be a logical relationship between the acts or transactions within the series." *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984).  Where two defendants jointly fled police in a vehicle, ran on foot together, and both discarded their contraband in concerted flight before being arrested within feet of each other, their offenses are apparently and obviously related.[2]  *See* ECF No. 41 at 10.  In short, Fed. Crim. R. P. 8(b) does not decide this motion.

Given their cases are properly joined, the lack of prejudice to each defendant occasioned by that joinder, and the efficiencies of a joint trial, the Court should reconsider its previous order granting discretionary severance of Brock and Vanterpool's trials.

---

[1] As defense notes, "[t]he government's [opening] motion to reconsider makes no new argument to support its position that joinder would be permissible under Rule 8(b)" because, as defendant notes, the Court expressly ruled under Rule 14(a), which permits discretionary severance of cases otherwise properly joined. ECF No. 99 at 1.

[2] As in his reply brief (ECF No. 46), Vanterpool's opposition again tries to distinguish *United States v. Johnson*, 46 F.3d 1166, 1172 (D.C. Cir. 1995), *Perry*, 731 F.2d at 990, and *United States v. McCaughey*, 605 F. Supp. 3d 84, 88 (D.D.C. 2022)).  *See* ECF No. 99 at 3–5. The Government addressed Vanterpool's reply to those cases in ECF No. 75 at 3–4, n.2, and does not repeat those arguments here.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:     /s/ Michael L. Barclay
        MICHAEL L. BARCLAY
        Assistant United States Attorney
        N.Y. Bar Reg. No. 5441423
        601 D Street, N.W., 5.230
        Washington, D.C. 20530
        (202) 252-7669
        michael.barclay@usdoj.gov